854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald PATTERSON, a/k/a Don Patterson, Defendant-Appellant.
 No. 88-5019.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1988.
Decided Aug. 4, 1988.
 
 Phillip McKay Sutley and Arcangelo Michael Tuminelli for appellant.
 Veronica Marie Clarke, Office of United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief) for appellee.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Patterson appeals from his convictions of possession with intent to distribute cocaine and several firearm violations. 21 U.S.C.A. Sec. 841(a)(1) (West 1981); 18 U.S.C.A. Secs. 922(g) and 924(c) (West 1976 & Supp.1988); 26 U.S.C.A. Secs. 5861(d) and (i) (West 1980). We affirm.
 
 I.
 
 2
 In March 1987 a state trooper stopped an automobile on the New Jersey turnpike for erratic driving. Patterson, the driver of the automobile, could not produce a driver's license when stopped. He falsely gave his name as James Patterson and stated that the owner of the automobile, Deborah Atkins, was his aunt. When one of two passengers opened the glove compartment looking for the registration card, the trooper noticed a large amount of cash inside the compartment. Patterson consented to a search of the trunk where the trooper found a large amount of cash bound in rubber bands.
 
 
 3
 Based on the large amount of money in the vehicle coupled with Patterson's lack of identification and the group's conflicting stories about the purpose of their trip, the trooper transported the three men to his station. At the station Patterson stated that Atkins was his sister and, after being confronted with the inconsistency of his alleged age and date of birth, admitted that his real name was Donald Patterson. The trooper checked the serial numbers of the money found in the automobile and determined that it was not from a bank robbery. He issued Patterson a citation for operating the car without a license.
 
 
 4
 Patterson was then detained at the station while the trooper awaited the arrival of a drug dog from the United States Customs Office. The dog alerted positively to the money in the trunk and the glove compartment indicating that a drug residue was on the money. Patterson was informed that the money would be confiscated and was issued a receipt in the amount of $16,020.00.
 
 
 5
 Approximately one month later, Baltimore police executed a warrant which authorized a search of Patterson and an apartment used as an alleged drug storage house. Patterson was detained several blocks from the apartment in the same automobile involved in the New Jersey stop. Jewelry valued in excess of $20,000.00 was seized from Patterson. A search of the apartment resulted in the seizure of almost 600 grams of cocaine, drug paraphernalia, several weapons and a large amount of cash.
 
 
 6
 At trial, the district judge excluded evidence regarding the drug dog's reaction, finding that the detention of Patterson was improper after the money had been checked for possible connection with a bank robbery and the owner of the car verified that Patterson was using the car with her consent. However, the New Jersey state trooper was allowed, over Patterson's objection, to testify as to the exact amount of money he found in the trunk of Patterson's automobile.
 
 II.
 
 7
 Patterson contends that the court erroneously admitted the testimony regarding the exact amount of money seized from the trunk because the counting of the money occurred after it was established as being unrelated to any robbery and after his lawful possession of the automobile was verified. However, even if this evidence was erroneously admitted, Patterson was not prejudiced. He concedes that the trooper could have properly testified that he saw a large amount of money in the trunk after Patterson consented to the search. Patterson also stated to the trooper during the search that there was approximately $10,000.00 in the trunk. Any error in the admission of testimony regarding the exact amount of money recovered from the trunk was clearly harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18 (1967).
 
 
 8
 Patterson also challenges the admission of evidence regarding the $20,000.00 worth of jewelry taken from his person during the Baltimore search. He contends that the description in the warrant of the items to be seized was overbroad by its inclusion of a provision allowing the seizure of "any other assets gained from such illegal operations." Assuming, without agreeing, that the particularity requirement was violated by these words, the officers were clearly acting in good faith reliance on a facially valid warrant and this evidence was properly admitted. Massachusetts v. Sheppard, 468 U.S. 981 (1984).
 
 
 9
 AFFIRMED.